UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

AMANDA U. AJULUCHUKU                                                      PLAINTIFF

v.                                                 CIVIL ACTION NO. 3:05CV-826-H

YUM! BRAND, INC., LTD.                                           DEFENDANT

**MEMORANDUM OPINION**

**I. SUMMARY OF CLAIMS**

On December 27, 2005, Amanda U. Ajuluchuku filed a *pro se* complaint in this Court. She alleges that on December 7 & 9, 2005, employees of one of Defendant's Kentucky Fried Chicken branches in Atlanta, Georgia,[1] discriminated against her because of her national origin,[2] and because of her disability.[3] On December 7th, Ajuluchuku complains that one of Defendant's employees told her that they were out of chicken breasts and that they would have to substitute her order with chicken strips. Two days later on December 9th, Ajuluchuku complains that she was told that she would have to wait for the restaurant to cook more rice to fill her side orders. As a result, she seeks $9,000,000,000,000.00 (nine trillion dollars) as compensatory and punitive

---

[1] Defendant is headquartered in Louisville, Kentucky, which is presumably why Plaintiff, a resident of Detroit, Michigan at the time she filed suit, chose to commence her action here.

[2] Plaintiff's national origin is not disclosed in the record. Whatever Plaintiff's national origin, she ascribes unlawful animus to Defendant's franchise employees, whom Plaintiff repeatedly describes as "black."

[3] Plaintiff describes her disability as follows: "When I was a baby, I fell down a flight of stairs, I injured my brain in the process. My head was split into two parts. As a consequence I lack motor skills. Playing the piano at the age of four rewired my brain and accorded me minimal motor skills. Seizures and fainting spells are symptoms of my disability."

damages for Defendant's alleged violations of the Americans with Disabilities Act ("ADA"), the Civil Rights Act of 1964, and the Federal Tort Claims Act.[4]

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding *in forma pauperis*, this Court must review the instant action. 28 U.S.C. § 1915(e)(2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604-05 (6th Cir. 1997). Upon review, this Court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 329-30 (1989). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000). In reviewing a complaint under this standard, a court must accept all factual allegations contained in the complaint as true and must also construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

---

[4] As the Court will explain further in Section III.C, *infra*, this is but one of 192 civil lawsuits filed by Plaintiff in less than 3 years in the United States federal district courts. The allegations, causes of action, and even amount of damages sought by Plaintiff in this action mirror those contained in Plaintiff's other complaints, the majority of which have been dismissed as frivolous. For unexplained reasons, however, Plaintiff did change some of the facts related to her disability in this lawsuit. For example, in most of her other suits she claims that she began playing the piano at age 6. Here, however, she alleges that her piano playing began at age 4.

### III. ANALYSIS

**A.     Americans With Disabilities Act & Civil Rights Act Claims**

"Congress enacted the ADA in 1990 to remedy widespread discrimination against disabled individuals." *PGA Tour, Inc. v. Martin*, 532 U.S. 661, 673 (2001). Title III, which applies to discrimination by places of public accommodation, is implicated by the instant case.[5] However, it is well established that Title III of the ADA does not provide for a private cause of action for damages. *See Powell v. Nat'l Bd. of Med. Exam'rs*, 364 F.3d 79, 86 (2d Cir. 2004); *Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir. 2002). Rather, the available remedies are only injunctive relief. 42 U.S.C. §§ 12188, 2000a-3(a).

Title II of the Civil Rights Act of 1964 (42 U.S.C. § 2000a *et seq*.) prohibits public accommodations from discriminating on the basis of race, color, religion, or national origin. Like the ADA, however, "[w]hen a plaintiff brings an action under that Title, he cannot recover damages." *Newman v. Piggie Park Enters. Inc.*, 390 U.S. 400, 402 (1968).

Here, Plaintiff is seeking only money damages, not injunctive relief. Accordingly, her ADA and Civil Rights Act claims will be dismissed for failure to state a claim.

Moreover, even if Plaintiff had sought injunctive relief instead of money damages, she has utterly failed to allege how Kentucky Fried Chicken's failure to timely receive a shipment of frozen chicken breasts and failure to cook enough rice prior to her visit are discriminatory acts against either Plaintiff's race or disability. It appears from Plaintiff's complaint that she merely experienced one of life's frustrating but inevitable delays. Her

---

[5]Title III of the ADA states: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."

attempts to characterize it as an event of discrimination entitling her to 9 trillion dollars worth of damages can be described as nothing less than frivolous.

**B.     Federal Tort Claims Act**

The Federal Tort Claims Act applies only to injury caused by the acts or omissions of employees of the federal government. Defendant is not an employee of the federal government. As such, the Court will also dismiss Plaintiff's Federal Tort Claims Act claim against Defendant for failure to state a claim and as frivolous.

**C.     Plaintiff's History in the Federal District Courts**

This is not the first case of this nature filed by Ajuluchuku. A survey of the dockets of the United States district courts reveals that as of May 22, 2006, Ajuluchuku had filed **192 separate civil complaints** in various district courts across the United States in **less than a three-year time frame**, apparently seeking to proceed *in forma pauperis* in almost every action. Of the 192[6] civil suits filed by Ajuluchuku since August 2003, only a handful remain pending. The majority of Ajuluchuku's cases were closed less than 90 days after the complaint was filed. While this Court lacks the time and resources to extensively review each of these cases, a sampling indicates that the overwhelming majority of them were dismissed as frivolous and lacking any merit whatsoever. Yet, undaunted by her past failures, Ajuluchuku continues time

---

[6]In two of the suits, Ajuluchuku attempted to represent her adult son, Justus Ajuluchuku.

after time to file the same frivolous allegations against different (and sometimes the same) defendants in countless jurisdictions across the United States.

At least one other federal district court has taken notice of Ajuluchuku's abuse of the federal judicial system and declared her to be a vexatious litigant. Magistrate Judge Janet King of the Northern District of Georgia recommended that her court impose an order prohibiting Ajuluchuku from proceeding *in forma pauperis* in that district. Judge King explained:

> Such an order is also appropriate in this case because of the ineffectiveness of other sanctions imposed by courts in other districts which have failed to curtail Plaintiff's filing of frivolous, repetitive law suits. The district courts in Massachusetts, Maryland and Western District of Washington instituted pre-filing screening restrictions which Plaintiff has attempted to circumvent by filing the same or similar law suits in other district courts, including but not limited to, the District of Arizona, Central District of California, District of Columbia, Southern District of Florida, Northern District of Illinois, District of Ohio, District of Nevada, Eastern and Southern Districts of New York, Western District of North Carolina, District of Rhode Island, District of South Carolina, Western District of Tennessee, District of Utah, and Eastern District of Virginia, as well as the thirty-two (32) lawsuits filed in this district having nothing to do with conduct occurring in this district and all being subject to one or more filing restrictions in other districts. Additionally, based on the fact that all but a handful of the numerous law suits Plaintiff has filed to date were summarily dismissed, many for failing to state a claim upon which relief can be granted or for failing to survive the frivolity determination, the court concludes that Plaintiff is aware that the complaints she attempted to file in this district lacked merit and had little or no chance of success. The attempt that this court made to impose a pre-screening requirement for the above-styled cases simply resulted in Plaintiff filing nonresponsive applications and voluminous, but incomplete and disorganized, documentation pertaining to her prior lawsuits. Therefore, the court finds that **Plaintiff is proceeding in bad faith and attempting to misuse the judicial system and that imposing the requirement that Plaintiff pay the full statutory filing fee is the only step that may cause Plaintiff to cease the abusive litigation** and result in Plaintiff only seeking redress in federal court for meritorious claims over which this court has jurisdiction and which have not been elsewhere resolved.

*Ajuluchuku v. Southern New England School of Law*, *et al.* and related actions, Nos. 1:05-0251-1:05-

MI-0281, Northern District of Georgia, Atlanta Division, Nov. 15, 2005 Written Report and Recommendation (emphasis added). This Court wholeheartedly agrees with Magistrate Judge King's assessment of Ajuluchuku's conduct.

"The goal of fairly dispensing justice . . . is compromised when the Court is forced to devote its limited resources to the processing of repetitious and frivolous requests." *In re Sindram*, 498 U.S. 177, 179-80 (1991). Ajuluchuku's abuse of the judicial system is blatant, and if it remains unchecked, it will certainly continue to waste the limited judicial resources of the federal courts.[7] After a careful review of Ajuluchuku's conduct in this and other federal courts, this Court has determined that it is necessary to impose some restrictions on Ajuluchuku's future access to the courts in this district. A district court may properly require prolific litigators to obtain leave of court before accepting any further complaints for filing, and may also deny a vexatious litigant permission to proceed *in forma pauperis* in the future. *Reneer v. Sewell*, 975 F.2d 258, 260-61 (6th Cir. 1992); *Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987). The imposition of these types of orders is routinely upheld where a litigant has demonstrated a "history of unsubstantial and vexatious litigation [amounting to] an abuse of the permission granted to him to proceed as a pauper in good faith under 28 U.S.C. § 1915(d)." *Maxberry v. SEC*, 879 F.2d 222, 224 (6th Cir. 1989).

Based on Ajuluchuku's filings in this and her 191 other federal court cases, this Court

---

[7]Collectively, the federal district courts forced to review Ajuluchuku's repetitive and frivolous lawsuits have written well over a hundred pages worth of opinions and orders dismissing her claims.

concludes that Ajuluchuku intentionally and knowingly filed a frivolous lawsuit that she knew lacked any merit whatsoever when she applied for *in forma pauperis* status. A review of her recent activity also suggests that she may have misrepresented her status as a pauper to this Court.[8] Ajuluchuku has recently paid the filing fees in several other of her federal court cases. *Ajuluchuku v. Southern New England School of Law (SNESL) et al.,* No. 3:06-cv-00122, Western District of North Carolina, Charlotte Division (filing fee paid March 17, 2006); *Ajuluchuku v. Sun Trust Banks Inc.*, No. 3:06-CV-00611, Northern District of Texas, Dallas Division (filing fee paid April 6, 2006); *Ajuluchuku v. Wachovia Corp.,* 3:06-cv-00612, Northern District of Texas, Dallas Division (filing fee paid April 6, 2006). This belies her assertions to this Court that she could not afford to pay this Court's $250.00 filing fee.[9]

This Cout concludes that unless further restrictions are imposed, Ajuluchuku will continue to abuse the federal courts of this and other districts across the nation. Accordingly, **Amanda U. Ajuluchuku will not be permitted to proceed *in forma pauperis* in any future action before this Court.**

In an effort to prevent a further abuse of the federal judicial process by this Plaintiff, this Court will provide a copy of this opinion to every other federal district court where it appears

---

[8] This fact alone would be grounds for dismissal of Plaintiff's complaint. 28 U.S.C. § 1915(e)(2)(A) ("The court shall dismiss the case at any time if the court determines that--(A) the allegation of poverty is untrue.")

[9] Ajuluchuku filed her complaint on December 27, 2005. The filing fee has since increased to $350.00.

that Ajuluchuku currently has a case pending and will order it to be published so that other courts are on notice of Ajuluchuku's conduct in this and other litigation across the United States.

The Court will enter an order consistent with this memorandum opinion.

Date:

cc:    Plaintiff, *pro se*
      Judges, United States District Court, Western District of Kentucky
      Clerk, United Sates District Court, Northern District of Texas, Dallas Division, (Nos. 3:06-cv-00611, 3:06-cv-00612, 3:05-cv-02417)
      Clerk, United States District Court, Western District of Washington, Tacoma Division, (No. 3:05-cv-05108-RBL)
      Clerk, United States District Court, Western District of Washington, Seattle Division, (No. C04-2311)
      Clerk, United States District Court, Middle District of North Carolina, Greensboro Division, (No. 1:05-cv-00994-NCT-RAE)
      Clerk, United States District Court, Middle District of North Carolina, Durham Division, (No. 1:05-cv-00994-NCT-RAE)
      Clerk, United States District Court, District of Utah, Central Division, (No. 2:05-cv-00906-DAK-PMW)
      Clerk, United States District Court, District of Nevada, Reno Division, (No. 3:05-cv-00615-BES-VPC)
      Clerk, United States District Court, Northern District of Georgia, Atlanta Division, (Nos. 1:06-cv-01112-JEC, 1:05CV-02908-JEC, 1:05-cv-02955-JEC)
      Clerk, United States District Court, Northern District of Illinois, Chicago Division, (No. 1:05-cv-04548)
      Clerk, United States District Court, District of Minnesota, (No. 0:05-cv-02964-JRT-FLN)
      Clerk, United States District Court, District of Massachusetts, Boston Division, (No. 1:05-cv-10893-RCL)
      Clerk, United States District Court, Southern District of Florida, Ft. Lauderdale Division, (No. 05-CV-61683)

4412.008